Hugh K. MacDonald, Appellee, v. Chicago Railways Company et al., on appeal of Chicago Railways Company, Appellant.

Gen. No. 23,236.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. M. L. McKinley, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed March 13, 1918.

### Statement of the Case.

Action by Hugh K. MacDonald, plaintiff, against Chicago Railways Company and others, defendants, to recover damages for personal injuries. From a judgment for plaintiff for $7,000, against Chicago Railways Company, the other defendants being found not guilty, Chicago Railways Company appeals.

WEYMOUTH KIRKLAND and CHARLES LEROY BROWN, for appellant; JOHN R. GUILLIAMS, of counsel.

JAMES C. MCSHANE, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

### Abstract of the Decision.

1. NEGLIGENCE, § 213*—*when instruction not misleading*. An instruction, in an action against two defendants to recover damages for personal injuries, that one defendant had rested his case at the close of plaintiff's evidence and that in considering a verdict the jury should not take into consideration any evidence introduced by the other defendant but must only consider such evidence as was introduced by the plaintiff, *held* to lay down a correct statement of

*See *Illinois Notes Digest*, Vols. XI to XV, and *Cumulative Quarterly*, same topic and section number.

MacDonald v. Chicago Railways Co., 210 Ill. App. 87.

the law as to the first defendant, and in view of all the instructions given not misleading as to the other defendant, although ambiguous in itself.

2. NEGLIGENCE, § 222*—*when instructions are not conflicting*. An instruction in a negligence case that the court did not presume to tell the jury what facts were established by the evidence, that being a matter which was their sole province, did not conflict with an instruction that, there being no evidence of any negligence of defendant before a certain point, the jury were only called upon to decide whether the facts following that point, as shown by the evidence, established negligence, or with an instruction putting the subject-matter of the latter instruction in another form, defining the law as applied to the situation therein presented.

3. CARRIERS, § 484*—*when instruction on care required to guard against injuries to passengers is proper*. An instruction "that it is the duty of common carriers to do all that human care, vigilance and foresight can reasonably do, in view of the character and mode of conveyance adopted, and consistently with the practical operation of the road, reasonably to guard against accidents and consequential injuries to their passengers, and if they neglect to do so, they are to be held strictly responsible for all consequences which directly flow from such neglect; while the carrier is not an insurer of the absolute safety of the passenger, it does, however, in legal contemplation, undertake to exercise the highest degree of practicable care to secure the safety of the passenger and is responsible for the slightest neglect to exercise such care directly resulting in injury to the passenger, if the passenger is, before and at the time of the injury, exercising ordinary care for his or her own safety," *held* to be proper.

4. INSTRUCTIONS, § 88*—*determination of preponderance of evidence*. An instruction that in determining the preponderance of evidence the jury are not to consider alone the number of witnesses for the respective parties, is proper.

5. CARRIERS, § 456*—*what is immaterial variance in action by passenger for personal injuries*. Where a declaration, in an action by a passenger against a street railroad for personal injuries sustained in a collision with a wagon, alleged and the proof showed that the accident occurred at a certain point where the railroad crossed a certain street, it was immaterial that the declaration and the proof differed as to the location of the point as between certain other streets.

6. CARRIERS, § 476*—*when negligence of motorman shown*. In an action by a passenger against a street railroad for personal

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

injuries, evidence *held* to sustain the finding that defendant street railroad's motorman was negligent in the operation of its street car after he became aware of the danger presented by the actions of the horse of another defendant, at such a time as to enable him to avoid the collision of the car with the wagon.